A TRUE COPY CERTIFIED TO FROM THE RECORD

8 | 11 | 09

Tom Dempsey

UNITED STATES DISTRICT COURT
DISTRICT OF PENNSYLVANIA

A CERTIFIED TRUE COPY
ATTEST

By Jakela Mells on Aug 10, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Aug 10, 2009**

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (No. VI)**                                            MDL No. 875

C 09 - 0903 (JHA

**TRANSFER ORDER**

     **Before the entire Panel**[*]: Plaintiffs in actions pending in the Central District of California, Northern District of California (two actions), Southern District of California, Middle District of Louisiana, District of New Jersey, Middle District of North Carolina, Northern District of Ohio, Eastern District of Oklahoma, Western District of Texas, and District of Utah, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

     After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the

---

    [*]    Judge Heyburn took no part in the disposition of this matter.

    [1]    Lockheed Martin Corp. (as to the Central District of California action); Foster Wheeler LLC and General Electric Co. (as to the two Northern District of California actions); Leslie Controls, Inc. (as to the two Northern District of California actions and the Southern District of California action); the United States of America (as to the Middle District of Louisiana action); Fluor Daniel Inc. and Fluor Daniel Services Corp. (as to the Middle District of North Carolina action); Durabla Manufacturing Co. (as to the Northern District of Ohio action); Foster Wheeler Energy Corp. (as to the Eastern District of Oklahoma action and the District of New Jersey action); Lucent Technologies Inc. (as to the Western District of Texas action); and Union Carbide Corp. (as to the District of Utah action).

    [2]    Plaintiffs in several actions argue, *inter alia*, that transfer of their actions should be denied

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Certain moving plaintiffs also cite serious health issues in arguing against transfer, and, indeed, express the concern that inclusion of their actions in MDL No. 875 may delay proceedings such that these plaintiffs will not live to see the ultimate resolution of their claims. Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

Under the stewardship of the transferee court, as of July 31, 2009, (1) over 98,000 actions have been closed in the transferee district, and (2) over 1,390 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

---

[2](...continued)
or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should await presentation to the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that defendant Lockheed Martin Corp.'s request for sanctions against plaintiffs in the Central District of California *Meredith* action is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*    Kathryn H. Vratil
David R. Hansen                  W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**

MDL No. 875

## SCHEDULE A

### Central District of California

Mary T. Meredith, et al. v. Bondex International, Inc., et al., C.A. No. 2:09-886

### Northern District of California

Johnie D. Pelfrey, Jr., et al. v. Foster Wheeler, LLC, et al., C.A. No. 3:09-902
William H. Dawson, et al. v. CBS Corp., et al., C.A. No. 3:09-903

### Southern District of California

Michael E. Jenkins v. Allied Packing & Supply, Inc., et al., C.A. No. 3:09-101

### Middle District of Louisiana

Henrietta McCrary, et al. v. United States of America, C.A. No. 3:08-777

### District of New Jersey

Theresa C. Poggioli, et al. v. A.J. Friedman Supply Co., Inc., et al., C.A. No. 2:09-504

### Middle District of North Carolina

Philip Walter Herion, et al. v. Daniel International Corp., et al., C.A. No. 1:09-223

### Northern District of Ohio

William Sillanpa, et al. v. Durabla Manufacturing Co., C.A. No. 1:09-10002

### Eastern District of Oklahoma

Nora Austin, et al. v. A.W. Chesterton Co., Inc., et al., C.A. No. 6:00-15

- A2 -

**MDL No. 875 Schedule A (Continued)**

Western District of Texas

Reggy Taylor, et al. v. Lucent Technologies, Inc., et al., C.A. No. 1:08-17

District of Utah

Jerry D. Anderson, et al. v. Hamilton Materials Inc., et al., C.A. No. 2:09-86